## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| *ex. rel.* ) | |
| **ELIZABETH A. COOLEY** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 1:20-cv-04181-TWT** |
| ) | |
| **ERMI, LLC f/k/a ERMI, INC.;** ) | |
| **THOMAS P. BRANCH, M.D.;** ) | |
| **CHUTE 15, INC.;** ) | |
| **ARTHRORESEARCH, LLC;** ) | |
| **ROBODIAGNOSTICS, LLC; and** ) | |
| **END RANGE OF MOTION** ) | |
| **IMPROVEMENT, INC.** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS COMPLAINT

**PARKER HUDSON RAINER & DOBBS LLP**

Robert M. Brennan
Georgia Bar No. 079798
Jameson B. Bilsborrow
Georgia Bar No. 505735
303 Peachtree Street, NE
Suite 3600
Atlanta, Georgia 30308

*Counsel for Defendants*

Defendants ERMI, LLC f/k/a ERMI, Inc. ("ERMI"); Thomas P. Branch, M.D. ("Dr. Branch"); Chute 15, Inc.; Arthroresearch, LLC; Robodiagnostics, LLC; and End Range Of Motion Improvement, Inc. move to dismiss Plaintiff/Relator Elizabeth A. Cooley's Complaint (Doc. 1) for failure to state a claim and to plead necessary elements of her False Claims Act claims with particularity pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(6), and 9(b).

The Complaint's pleading defects are many and myriad. The Complaint is a textbook shotgun pleading, in violation of this Circuit's basic pleadings standards. More fundamentally though, the allegations fail to satisfy Rule 9(b)'s particularity standards applicable to False Claims Act claims. Nowhere in the Complaint's 168 paragraphs does Cooley ever allege any particular claim that was submitted to a government payor—much less a fraudulent one—and even the various fraudulent schemes alleged lack any factual detail that can adequately apprise Defendants of the claims against them. The Complaint also fails to allege that any alleged misrepresentation was material to any payment decision by the Government. The Complaint is infected with numerous other pleading failures as well. That kind of shoddy pleading wastes both the Court's and Defendants' time. Accordingly, the Complaint should be dismissed.

## BACKGROUND AND SYNOPSIS OF FACTS ALLEGED

**A.     Procedural History.**

Cooley filed her Complaint under seal on October 9, 2020, alleging violations of the federal False Claims Act (the "FCA"), 31 U.S.C. §§ 3729, *et seq.* (Doc. 1). The United States subsequently provided notice on July 12, 2021, that it was not intervening in this case. (Doc. 8). Cooley's Complaint was unsealed by the Court on July 14, 2021. (Doc. 9). By consent motion Defendants sought leave to waive service of process requirements and respond on behalf of all Defendants by August 16, 2021, which the Court granted. (Docs. 21, 22). Defendants now timely move to dismiss.

**B.     Summary of Allegations.[1]**

Plaintiff/Relator Elizabeth A. Cooley, JD, RN ("Relator" or "Cooley") served as Chief Compliance Officer ("CCO") for Defendant ERMI, LLC f/k/a ERMI, Inc. ("ERMI") from November 2018 to October 2019. (Doc. 1 ¶¶ 18, 19). ERMI manufacturers and leases several different types of durable medical equipment ("DME"), which assist orthopedic patients in regaining range of motion in their

---

[1] On a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), this Court accepts the truth of facts alleged in the complaint. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Accordingly, the facts recited herein are those alleged in the Complaint. Defendants do not admit that any of the facts alleged in the Complaint are true.

joints. (*Id.* ¶¶ 13, 14). ERMI provides DME to patients covered by various federal health care benefit programs, including those administered by the Centers for Medicare & Medicaid Services ("CMS") (i.e. Medicare), the Office of Workers' Compensation Programs ("OWCP") of the U.S. Department of Labor, and the U.S. Department of Veterans' Affairs (the "VA"). (*Id.* ¶¶ 25-33). Dr. Thomas P. Branch is a Board Certified orthopedic surgeon who founded ERMI and acts as its Chief Executive Officer and majority shareholder. (*Id.* ¶ 17).

Cooley alleges that Defendants violated the FCA by engaging in a scheme to defraud these government payors in connection with leasing its DME to patients, resulting in the submission of false claims for reimbursement. (*See id.* ¶ 1). Cooley alleges the following kinds of misconduct by one or more Defendants as predicate acts in support of her FCA claims:

(1)    submitting "false claims" to the VA and OWCP by charging more for the lease of certain DME to patients during a given 60-day prescription period than Medicare would ordinarily reimburse for the same service, (*id.* ¶¶ 35-42);

(2)    submitting claims to Medicare, OWCP, and the VA generated from "illegal remuneration" arrangements with physicians and workers comp attorneys, in violation of the Anti-Kickback Statute ("AKS"), 42 U.S.C. § 1320a-7b, (*id.* ¶¶ 43-49);

(3)    submitting claims to Medicare, OWCP, and the VA while in "willful non-compliance with state licensure, certification, and regulatory requirements," and continuing to enroll in these benefit programs as a provider or supplier "while falsely certifying … compliance" with these

- 3 -

various state regulatory requirements, (*id.* ¶¶ 106, 122; *see generally id.* ¶¶ 50-122);

(4)     submitting claims to Medicare generated from referrals in violation of the Stark Law, 42 U.S.C. § 1395nn, (*id.* ¶¶ 123-129);

(5)     submitting claims to Medicare, OWCP, and the VA unsupported by documentation of medical necessity, (*id.* ¶¶ 130-138); and

(6)     submitting claims to Medicare, OWCP, or the VA predicated on various other alleged falsities, (*id.* ¶¶ 139-143).

Cooley alleges that based on this various misconduct, Defendants violated several provisions of the FCA, including:

(1)     31 U.S.C. § 3729(a)(1)(A) and (B) (Count One, alleging presentment and make-or-use claims), (*id.* ¶¶ 151-157);

(2)     31 U.S.C. § 3729(a)(1)(G) (Count Two, alleging reverse false claims), (*id.* ¶¶ 158-163); and

(3)     31 U.S.C. § 3729(a)(1)(C) (Count Three, alleging claim for conspiracy to violate the FCA), (*id.* ¶¶ 164-168).

Absent from the Complaint, however, is any particularized detail about the various fraudulent schemes alleged, including when specific acts occurred or who engaged in them. Critically, the Complaint fails to identify even a single claim that was actually submitted for reimbursement to a federal payor.

## ARGUMENT AND CITATION OF AUTHORITY

On a motion to dismiss for failure to state a claim, this Court accepts the truth of the facts alleged in the Complaint, *see United Techs. Corp. v. Mazer*, 556 F.3d

- 4 -

1260, 1269 (11th Cir. 2009), but the Court does not accord such deference to speculations, opinions, or legal conclusions, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *S. Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 408 n.10 (11th Cir. 1996). To survive a motion to dismiss, Cooley must "provide the grounds for [her] entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545 (cleaned up). Cooley's claims must be more than "conceivable": they must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must set forth "enough factual matter (taken as true) to suggest [each] required element" of a claim. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

In addition to satisfying Rule 12(b)(6)'s plausibility requirement, "[a] complaint under the FCA must meet the heightened pleading standard of Rule 9(b)." *Hopper v. Solvay Pharm., Inc.*, 588 F.3d 1318, 1324 (11th Cir. 2009). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To state an FCA claim with particularity, "the complaint must allege facts as to time, place, and substance of the defendant's alleged fraud, and the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." *Corsello*

*v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005). Because "[l]iability under the [FCA] arises from the submission of a fraudulent claim to the government, not the disregard of government regulations or failure to maintain proper internal policies," this Circuit has held that "submission" of an actual fraudulent claim "must be pleaded with particularity and not inferred from the circumstances." *Id.* at 1012-13.

While the pleading standards under Rule 9(b) are exacting for plaintiffs, such particularity is required to ensure that defendants have fair notice of "the precise misconduct with which they are charged" and to safeguard defendants against "spurious charges of immoral and fraudulent behavior." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1277 (11th Cir. 2006) (quotation omitted); *see also U.S. ex rel. Clausen v. Lab'y Corp. of Am.*, 290 F.3d 1301, 1313 n.24 (11th Cir. 2002) (explaining that Rule 9(b) prevents plaintiffs from relying on discovery "to learn the complaint's bare essentials," thereby weeding out suits consisting of "baseless allegations used to extract settlements").

## A.      The Complaint is a shotgun pleading.

The Complaint is an impermissible shotgun pleading and for that reason alone must be dismissed. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014) (directing that a "defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6)").

- 6 -

"Shotgun pleadings violate Rule 8, which requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), by 'fail[ing] to one degree or another ... to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018) (quoting *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015)). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings," *id.* at 1295; such pleadings "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants [and] the court." *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997).

Accordingly, this Circuit has recognized four types of shotgun complaints that violate Rule 8 and thus warrant dismissal:

> The first is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The second is a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third is a complaint that does not separate each cause of action or claim for relief into a different count. And the final type of shotgun pleading is a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Barmapov v. Amual*, 986 F.3d 1321, 1324-25 (11th Cir. 2021).

Cooley's Complaint is plagued by each one of these defects. First, each of the counts for relief broadly "incorporate by reference the preceding paragraphs" of the Complaint, (Doc. 1 ¶¶ 151, 158, 164), without making any effort to "connect" particular conduct alleged in those paragraphs to the legal standards outlined in her counts "in any meaningful way." *U.S. ex rel. Musachia v. Pernix Therapeutics, LLC*, No. 2:18-CV-01445-RDP, 2021 WL 2826429, at *6 (N.D. Ala. July 7, 2021) (dismissing FCA counts for, *inter alia*, improper incorporation of prior complaint paragraphs); *see also United States v. Norman*, No. 8:15-CV-1506-T-23AEP, 2018 WL 264253, at *1 (M.D. Fla. Jan. 2, 2018) (same). Each Count thus is unabashedly a "formulaic recitation of a[n FCA claim's] elements" and nothing more. *Twombly*, 550 U.S. at 545. Shotgun pleadings require the court and the defendant to guess what conduct the counts are referring to because "the answer is always 'everything that the plaintiff has previously mentioned anywhere in the complaint.'" *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1356 n.5 (11th Cir. 2020).

Second, the Complaint contains numerous conclusory, vague, and immaterial allegations with no discernable connection to any of the FCA theories of liability asserted. *See Barmapov*, 986 F.3d at 1325-26 (affirming dismissal of complaint "replete with conclusory, vague, and immaterial" allegations). As discussed more below, the vast majority of the allegations are conclusory and general in ways that

fall short of Rule 9(b)'s particularity requirements, but some of the allegations have no conceivable connection to any FCA theory whatsoever. For example, Section III.H of the Complaint vaguely suggests that ERMI "altered delivery tickets," refers to "pervasive Medicare requests for repayment," and asserts that one employee routinely added nondescript unprescribed "items" to claims submitted to the VA. (Doc. ¶¶ 141-143). Additionally, Section III.I does not even attempt to allege any kind of falsity at all, instead alleging various unrelated improprieties and statements without explaining how any of this conduct is unlawful, let alone relevant to an FCA claim. (*Id.* ¶¶ 144-150). Indeed, the only discernable purpose in delving into details about an alleged misdemeanor battery charge against Dr. Branch, (*id.* ¶ 88), is simply to smear his reputation, a clear "abus[e] [of] the judicial process." *Barmapov*, 986 F.3d at 1328 (Tjoflat, J., concurring); *see id.* at 1325 (chiding plaintiff's inclusion of irrelevant details about certain defendants' alleged criminal backgrounds); *cf.* *Wagner*, 464 F.3d at 1277 (explaining that pleading rules are designed to protect defendants from "spurious charges of immoral and fraudulent behavior").

Third, Cooley improperly does exactly what courts have admonished FCA relators not to do: she "lump[s] [her] Make-or-Use Claim in with [her] Presentment Claim in Count 1." *United States v. Fulton Cty.*, No. 1:14-CV-4071-WSD, 2016 WL 4158392, at *11 n.17 (N.D. Ga. Aug. 5, 2016) (explaining that such lumping of

claims is "bad pleading practice" and "disregards the principle that separate, discrete causes of action should be pleaded in separate counts" (cleaned up)). Courts in this Circuit have not hesitated to dismiss based on such failures. *See, e.g.*, *Musachia*, 2021 WL 2826429, at *5; *Norman*, 2018 WL 264253, at *1 n.4.

Finally, despite naming six separate defendants in this action, the Complaint repeatedly lumps Defendants together when describing the alleged conduct. (Doc. 1 ¶¶ 38-39, 78, 154-156, 160-162, 167).[2] This Circuit's caselaw is clear that "[i]n a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations 'lumping' multiple defendants together are insufficient." *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008). This is especially important in the FCA context where, "[t]o satisfy Rule 9(b)'s particularity requirement, the plaintiff must allege specifically a fraudulent act by each defendant." *Norman*, 2018 WL 264253, at *1 (dismissing complaint pursuant to Rule 9(b) where relator impermissibly grouped four defendants together); *see also, e.g.*, *Ambrosia Coal & Constr. Co. v. Morales*, 482 F.3d 1309, 1317 (11th Cir. 2007) (affirming dismissal where plaintiff impermissibly "lumped together all of the defendants"); *Brooks v.*

---

[2] The Complaint also carelessly contains stray references to what purports to be a seventh defendant, "Defendant Road to Provo," which was not named in the Complaint. (Doc. 1 ¶¶ 17-18).

*BCBS of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997) (Complaint failed Rule 9(b) requirement because complaint "simply 'lumped together' all of the Defendants in their allegations of fraud").

Furthermore, the Complaint's impermissible lumping of defendants together is all the more problematic because four of the named Defendants are never mentioned individually in the Factual Allegations at any point. While the Complaint alleges various conduct by "Defendant ERMI" (i.e. ERMI, LLC f/k/a ERMI, Inc.) and Defendant Dr. Branch, there is no alleged conduct at all pertaining to Defendants Chute 15, Inc.; Arthroresearch, LLC; Robodiagnostics, LLC; and End Range Of Motion Improvement, Inc. Any conduct by Defendants ERMI and Dr. Branch cannot simply be imputed to these latter four Defendants. *See U.S. ex rel. Silva v. VICI Mktg., LLC*, 361 F. Supp. 3d 1245, 1255-56 (M.D. Fla. 2019) (dismissing particular corporate defendant where complaint failed to plead fraud with particularity as to that corporate defendant and rejecting argument that individual defendant's conduct could be imputed to the corporate defendant, explaining, "The allegation that Stat Direct was merely the managing company for Z Stat Medical and was also managed by Smith does not show that Stat Direct submitted or caused to be submitted false claims."); *U.S. ex rel. Kneepkins v. Gambro Healthcare*, *Inc.*, 115 F. Supp. 2d 35, 40 (D. Mass. 2000) (dismissing FCA claim against related defendant corporation,

holding that the government failed to meet its pleading requirements because it did not assert facts that provided the basis of the defendant's liability; merely alleging defendant's ownership of another defendant was "not enough"). Accordingly, these four Defendants should be dismissed in their entirety.

In sum, Cooley's shotgun Complaint fails to make any effort to meet the Federal Rules of Civil Procedure's minimal drafting standards, wasting both the Court's and Defendants' time, and should be dismissed for this reason alone.

**B.     The Complaint Does Not Satisfy Rule 9(b).**

The Complaint's pleading defects don't end there. Cooley's FCA allegations fall woefully short of this Circuit's long-established particularity standards under Rule 9(b) for FCA actions, as stated in *United States ex rel. Clausen v. Laboratory Corporation of America, Inc.*, 290 F.3d 1301 (11th Cir. 2002).  In *Clausen*, a relator alleged that a laboratory testing company engaged in a multi-faceted, decade-long campaign to defraud the Government through six fraudulent schemes that resulted in the submission of false claims for reimbursement. 290 F.3d at 1302-03. Despite multiple amendment attempts, this Court dismissed because the relator had not "identified a single fraudulent claim by date filed, amount or claim number that was actually submitted to the government." No. CIV.A.1:97CV2200TWT, 2001 WL 1867721, at *1 (N.D. Ga. May 16, 2001). This Court explained that the relator had

"merely described the allegedly illegal contracts and arrangements without identifying any person, place or time when an actual false claim or other illegal activity occurred" and thus at most alleged "a general scheme or methodology by which defendants could have violated the [FCA]." *Id.* In concluding that such allegations were "simply insufficient under Rule 9(b)," this Court reasoned that the "particularity requirement of Rule 9 [would be] a nullity if Plaintiff gets a ticket to the discovery process without identifying a single false claim by amount." *Id.*

The Eleventh Circuit agreed and affirmed. 290 F.3d at 1311, 1315. In so doing, the court explained that not only must a relator plead a fraudulent scheme with particularity to survive a Rule 9(b) challenge—i.e. pleading "facts as to time, place, and substance of the defendant's alleged fraud" including "the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them"—but must also plead with particularity the actual submission of false claims to the Government. *Id.* at 1310-11. That is because "submission of a claim" is the "*sine qua non* of a[n FCA] violation." *Id.* at 1311.

Accordingly, an FCA relator may not merely "describe a private scheme in detail but then to allege simply and without any stated reason for his belief that claims requesting illegal payments must have been submitted, were likely submitted or should have been submitted to the Government." *Id.* Instead, the complaint must

contain "some indicia of reliability … to support the allegation of *an actual false claim* for payment being made to the Government." *Id.*[3] The Eleventh Circuit has repeatedly reaffirmed this standard in both published and unpublished decisions.[4]

Cooley's Complaint suffers from the same lack of necessary particularity. Cooley asserts both presentment and "make-or-use" FCA claims. (Doc. ¶¶ 152-153).[5] She also asserts reverse false claim and conspiracy theories of liability. (*Id.* ¶¶ 158-168). Rule 9(b)'s particularity requirements apply to each of these claims. *Hopper*, 588 F.3d at 1328 ("Improper practices standing alone are insufficient to state a claim under either § 3729(a)(1) or (a)(2) absent allegations that a specific fraudulent claim was in fact submitted to the government.")[6]; *U.S. ex rel. Fernandez*

---

[3] In *Clausen*, such indicia of reliability was lacking where "[n]o amounts of charges were identified"; "[n]o actual dates were alleged"; "[n]o policies about billing or even second-hand information about billing practices were described, other than to state that electronic HCFA Form 1500s with medical test codes were used"; and "[n]o copy of a single bill or payment was provided." *Id.* at 1312.

[4] *See, e.g.*, *Corsello*, 428 F.3d at 1012 (affirming dismissal for failure to satisfy Rule 9(b)); *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1357 (11th Cir. 2006) (same); *Hopper*, 588 F.3d at 1325, 1328 (same); *U.S. ex rel. Sanchez v. Lymphatx, Inc.*, 596 F.3d 1300, 1302-03 (11th Cir. 2010) (same); *Carrel v. AIDS Healthcare Found., Inc.*, 898 F.3d 1267, 1277 (11th Cir. 2018) (same).

[5] The FCA permits recovery against "any person" who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" or who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(A) & (B).

[6] *See U.S. ex rel. Fox Rx, Inc. v. Omnicare, Inc.*, No. 1:11-CV-00962-WSD, 2012 WL 8020674, at *11-12 & n.11 (N.D. Ga. Aug. 29, 2012) (discussing 2009

*v. Freedom Health, Inc.*, No. 8:18-CV-1959-MSS-JSS, 2021 WL 2954415, at *7 (M.D. Fla. May 26, 2021) ("Rule 9(b) applies to reverse-false-claim allegations." (citing *U.S. ex rel. Matheny v. Medco Health Sols., Inc.*, 671 F.3d 1217, 1222 (11th Cir. 2012))); *U.S. v. HPC Healthcare, Inc.*, 723 F. App'x 783, 791 (11th Cir. 2018) ("Rule 9(b)'s heightened pleading standard applies to claims brought under the conspiracy provision.").

Cooley's Complaint, however, contains no particularized allegations of any actual false claims that were submitted to the Government. While she describes various kinds of conduct or schemes that she contends necessarily resulted in the submission of fraudulent claims to the Government, at no point does she allege any specific billing information for any particular claims that she contends were fraudulently submitted. *See HPC Healthcare*, 723 F. App'x at 789 (explaining that "indicia of reliability" requirement that submission of an actual false claim be alleged with particularity can be satisfied by "alleging the details of false claims by providing specific billing information—such as dates, times, and amounts of actual false claims or copies of bills"); *accord U.S. ex rel. Mastej v. Health Mgmt. Assocs., Inc.*, 591 F. App'x 693, 704 (11th Cir. 2014). While some of Cooley's FCA

---

amendments to the FCA and explaining that pleading submission of a false claim with particularity is required under both 31 U.S.C. § 3729(a)(1)(A) and (a)(1)(B)).

allegations are premised on alleged false certifications of compliance that purportedly tainted whole categories of submitted claims rather than on particular falsities specific to individual claims, (*see* Doc. 1 ¶¶ 43-129), that approach does not ameliorate Rule 9(b)'s particularity requirements. Failure to identify any particular submitted claims that resulted from these alleged false certifications dooms those allegations as well. *See, e.g.*, *Est. of Helmly v. Bethany Hospice & Palliative Care of Coastal Ga., LLC*, 853 F. App'x 496, 501 (11th Cir. 2021) (no indicia of reliability for relators' AKS-based FCA claims where they "failed to allege any specifics about actual claims submitted to the government"); *Musachia*, 2021 WL 2826429, at *8 (same where allegations did not contain "any information regarding claims, billing information, dates of submission, bills submitted, amounts charged to the Government, or any amount received from the Government"); *see also, e.g.*, *U.S. v. Lee Mem'l Health Sys.*, No. 2:14-CV-437-FTM-38CM, 2019 WL 1061113, at *4 (M.D. Fla. Mar. 6, 2019) (accord).

Moreover, more generally the Complaint fails to provide "details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them"—i.e. particularized details about the alleged schemes themselves—much less any kind of detail about any actual submission of individual claims. *Clausen*, 290 F.3d at 1310. That falls far short of Rule 9(b)'s required standard. *See, e.g.*, *HPC*

*Healthcare*, 723 F. App'x at 790 (failure to allege AKS scheme with particularity where relator failed to identify any individuals who made improper referrals, any individual patients that were improperly referred, who provided the bribes, or when those exchanges took place).

In an effort to furnish the necessary indicia of reliability of actual submission of fraudulent claims, Cooley will no doubt tout her "insider status" by virtue of her former role as Chief Compliance Officer for ERMI. (*See* Doc. ¶ 19). But while this Circuit has sometimes been "more tolerant toward complaints that leave out some particularities of the submissions of a false claim if the complaint also alleges personal knowledge or participation in the fraudulent conduct," *Matheny*, 671 F.3d at 1230, that route cannot save the Complaint here given the utter lack of detail regarding Cooley's knowledge of ERMI's billing practices or procedures or any direct participation on her part in the claims submission process. Indeed, all Cooley mentions about her involvement with the alleged schemes is attending a few meetings, having a few general conversations, reviewing random records, and signing a few compliance-related documents. (Doc. ¶¶ 41-42, 88, 108, 127, 135, 141-142, 144, 147, 150).[7]

---

[7] Cooley premises many of her allegations merely "upon information and belief." (Doc. 1 ¶¶ 17-18, 32, 48, 126, 129). That undermines any notion that she truly has

Courts in this Circuit though have required far more than that of insiders hoping to unlock the doors to discovery without providing the kind of particularized billing information about specific fraudulent claims that Eleventh Circuit caselaw ordinarily requires. *E.g.*, *Est. of Helmly*, 853 F. App'x at 501-02 (rejecting relators' insider status allegations because despite having attended a few meetings and claiming to have "direct knowledge of the defendants' billing and patient records," they nevertheless were unable to provide any specific details regarding defendants' submission of claims, "did not claim to have observed the submission of an actual false claim," and did not "personally participate in the submission of false claims"); *Carrel*, 898 F.3d at 1278 (rejecting indicia of reliability argument based on relator's alleged "'personal knowledge or participation' in the alleged fraud" where "relators failed to explain how their access to possibly relevant information translated to knowledge of actual tainted claims presented to the government"); *see also Mastej*, 591 F. App'x at 704-05 ("It is not enough for the plaintiff-relator to state baldly that

---

"personal knowledge" of ERMI's billing practices solely by virtue of her former role with the company. Allegations premised on information and belief furnish no support for purposes of satisfying Rule 9(b)'s particularity standard. *Corsello*, 428 F.3d at 1013-14 (explaining that allegations based "on information and belief" "lacked the 'indicia of reliability' required by *Clausen* because they failed to provide an underlying basis for [relator's] assertions).

he was aware of the defendants' billing practices, to base his knowledge on rumors, or to offer only conjecture about the source of his knowledge.").

In sum, because the Complaint contains no indicia of reliability regarding the actual submission of fraudulent claims to the Government, all of Cooley's FCA claims must be dismissed for failure to satisfy Rule 9(b).

## C.   The Complaint fails to plead materiality with particularity.

Cooley's FCA claims must also be dismissed for failure to plead materiality with particularity. While the language in the Complaint's counts for relief formulaically recite that certain false records or statements were "material to a false or fraudulent claim," or that certain nondescript actions, omissions, claims, statements, or records "were material," (Doc. 1 ¶¶ 153-154; *see also id.* ¶¶ 159-160), not once does the Complaint ever allege any facts that would establish the materiality of any false statement or representation on Defendants' part.

That pleading failure is especially critical to the extent Cooley's FCA claims are predicated on noncompliance with statutory or regulatory requirements and any resulting alleged false certification of compliance with those requirements. (*See id.* ¶¶ 43-129 (alleging AKS and Stark violations and noncompliance with state licensure requirements)). While misrepresentations about such compliance can be actionable under the FCA under a "false certification" theory, any such

- 19 -

misrepresentation must nevertheless "be material to the government's payment decision." *Universal Health Servs., Inc. v. U.S. ex. rel. Escobar*, 136 S. Ct. 1989, 2002 (2016). "The materiality requirement is both 'rigorous' and 'demanding,' and must be pled with particularity." *Fulton Cty.*, 2016 WL 4158392, at *8 (quoting *Escobar*, 136 S. Ct. at 2004 n.6). "[S]tatutory, regulatory, and contractual requirements are not automatically material, even if they are labeled conditions of payment." *Escobar*, 136 S. Ct. at 2001. "Nor is it sufficient for a finding of materiality that the Government would have the option to decline to pay if it knew of the defendant's noncompliance." *Id.* at 2003. "Materiality, in addition, cannot be found where noncompliance is minor or insubstantial." *Id.*

Against that standard, the allegations in the Complaint clearly fail. Rather than allege any facts to show that the government payors at issue here would actually consider any of the particular instances of statutory or regulatory noncompliance by ERMI to be material to a decision to pay ERMI for its services, the Complaint simply assumes they must be. That does not suffice for purposes of Rule 9(b)'s "rigorous" and "demanding" particularity requirement. *Norman*, 2018 WL 264253, at *2 (dismissing for failure to allege materiality with particularity where, for FCA claim predicated on noncompliance with certain physician-supervision requirements, relator failed to allege that United States routinely refused to reimburse providers

for radiation therapy not supervised by a physician); *U.S. ex rel. Payton v. Pediatric Servs. of Am., Inc.*, No. CV416-102, 2017 WL 3910434, at *10 (S.D. Ga. Sept. 6, 2017) (same where, for FCA claim predicated on noncompliance with regulations governing nurse notes, relator failed to allege why existence of complete nursing notes was material to Government's decision to pay claims, explaining, "[Relator] must do something more than simply state that compliance is material").

Moreover, it is only violations of conditions of **payment** that can serve as a predicate for an FCA claim under a false certification theory, not merely violations of conditions of **participation** in the government program. *See United States v. Health Mgmt. Assocs., Inc.*, No. 4:10-CV-10013-KMM, 2013 WL 12077815, at *4 n.2 (S.D. Fla. Mar. 1, 2013) (explaining difference between conditions of payment versus conditions of participation for purposes of FCA liability (citing *Clausen*, 290 F.3d at 1311)). Cooley though fails to allege that any of the various instances of statutory or regulatory noncompliance in the Complaint were conditions of payment rather than mere conditions of participation.[8] For these reasons, Cooley's failure to allege materiality with particularity warrants dismissal.

---

[8] As disclosed by the Complaint itself, the regulations Cooley cites in support of her allegations of ERMI's failure to satisfy state licensure requirements concern "enrollment" in Medicare and OWCP, i.e. conditions of participation. (Doc. 1 ¶¶ 50 (citing 42 C.F.R. § 424.516), 51 (citing 20 C.F.R. § 10.800(a)).  Indeed, another

### D.   Pleading Deficiencies for Individual Claims

### 1.   The overbilling and medical necessity allegations fail to plead falsity.

At a minimum, FCA liability requires some claim, record, or statement that is actually false or fraudulent. *See* 31 U.S.C. § 3729(a)(1)(A), (B), (G). It is not at all apparent, however, how Cooley's overbilling and medical necessity allegations entail any falsity at all. (*See* Doc. ¶¶ 35-42, 130-38). For example, she alleges that ERMI has charged the VA and OWCP more for leasing certain DME to patients over a 60-day prescription period than Medicare would ordinarily reimburse, but there is no allegation that the VA and OWCP refuse to reimburse at higher rates or that ERMI somehow misled those payors in order to obtain higher reimbursement. Similarly, while Cooley alleges that DME suppliers "must maintain documentation of medical necessity from the treating practitioner," (*id.* ¶ 130), nowhere does Cooley allege that ERMI ***does not*** have such documentation for its patients. And to the extent Cooley suggests that certain patients are using ERMI's DME for longer

---

court has recently dismissed, on materiality grounds, a relator's complaint that a physician practice violated the False Claims Act because the practice did not have the proper state licenses in place. *See U.S. ex rel. Taylor v. Boyko et al.,* No. CV2:17-04213, 2019 WL 2423283, at *5 (S.D. W. Va. June 7, 2019) (dismissing non-intervened FCA claim regarding licensure lapse based upon failure to adequately allege materiality; complaint relied solely upon alleged regulatory violations regarding licensure lapse, without alleging additional facts showing materiality of licensure lapse to CMS payment decision).

periods than necessary, she concedes that it is ***physicians*** that make medical necessity determinations, not ERMI. (*Id.* ¶ 131). Aside from the utter lack of particularity or detail infecting these allegations, the utter lack of any alleged falsity for these categories of alleged conduct warrant dismissal to the extent the FCA claims are premised on that conduct. *See, e.g.*, *Payton*, 2017 WL 3910434, at *11 (dismissing where the court was "hard pressed to determine what billing strategy was used, how the billing actually occurred, and what billing practices Defendants should have employed").

### 2.     The reverse false claim theory fails for failure to plead an "obligation" to pay the Government.

Cooley's reverse false claim count must be dismissed because nowhere does the Complaint allege an "obligation to pay or transmit money … to the Government." 31 U.S.C. § 3729(a)(1)G). Rather, the basis of that theory would appear to be that, having fraudulently obtained reimbursement from government payors, ERMI now owes that money back. But that theory is not substantively any different from Cooley's presentment or make-or-use claims, as stated in Count One. Because those claims fail for failure to plead particularity under Rule 9(b), Cooley's reverse false claim count fails as well. *Lee Mem'l Health Sys.*, 2019 WL 1061113, at *7 (dismissing reverse false claim where relator failed to properly plead that defendant "submitted and received payment for false claims").

### 3. The conspiracy claim fails for failure to plead an agreement to violate the FCA.

Finally, the Complaint fails to allege any facts in support of Cooley's conspiracy claim (Count Three). *See* 31 U.S.C. § 3729(a)(1)(C). To satisfy Rule 9(b), a relator alleging conspiracy must plead specific allegations of an "agreement" among the defendants to obtain payment for a false claim and an overt act in furtherance of that agreement. *See Corsello*, 428 F.3d at 1014. While the Complaint alleges various statements and conduct by Defendants as a whole (impermissibly in shotgun style) or individually, there is no allegation that any Defendants formed an agreement for the purpose of violating the FCA, and hence no allegation of any overt act taken in accordance with such an agreement. Cooley's conspiracy count is as conclusory as her other counts and must accordingly be dismissed. *See, e.g.*, *Id.* (affirming dismissal of conspiracy claim where "bare legal conclusion" of conspiracy "was unsupported by specific allegations of any agreement or overt act"); *accord HPC Healthcare*, 723 F. App'x at 791 (same).[9]

---

[9] Moreover, the conspiracy claim is clearly premised on the relationship between ERMI and Dr. Branch, but the "well-established intracorporate conspiracy doctrine" provides that "a corporation cannot conspire with its employees." *U.S. ex rel. Sanchez v. Abuabara*, No. 10-61673-CIV, 2012 WL 5193415, at *7 (S.D. Fla. Oct. 19, 2012) (citing *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000)). The conspiracy claim thus fails as a matter of law.

## CONCLUSION

For the forgoing reasons, this Court should dismiss Cooley's Complaint.

Respectfully submitted, this 16th day of August, 2021.

**PARKER HUDSON RAINER & DOBBS LLP**

*/s/ Robert M. Brennan*
Robert M. Brennan
Georgia Bar No. 079798
Jameson B. Bilsborrow
Georgia Bar No. 505735
303 Peachtree Street, NE
Suite 3600
Atlanta, Georgia 30308
Tel: (404)-523-5300
Fax: (404)-522-8409
rmb@phrd.com
jbilsborrow@phrd.com

*Counsel for ERMI, LLC f/k/a ERMI, Inc.; Thomas P. Branch, M.D.; Chute 15, Inc.; Arthroresearch, LLC; Robodiagnostics, LLC; and End Range Of Motion Improvement, Inc.*

## <u>CERTIFICATE OF COMPLIANCE</u>

In compliance with N.D. Ga. R. 7.1D, I certify that the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT** has been prepared in conformity with N.D. Ga. R. 5.1. This brief was prepared with Times New Roman (14 point) type, with a top margin of one and one-half (1 ½) inches and a left margin of one (1) inch. This brief is proportionately spaced and is no longer than twenty-five (25) pages.

*/s/ Robert M. Brennan*
Robert M. Brennan

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record in this action.

This 16th day of August, 2021.

*/s/ Jameson B. Bilsborrow*
Jameson B. Bilsborrow