# Exhibit A

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TEAM POST OP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | |
| v. | ) | NO. 2019CV325917 |
| | ) | |
| THOMAS P. BRANCH, MD; ERMI, LLC; and TRYCO, INC., | ) ) | |
| | ) | |
| Defendants. | ) ) | |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

COMES NOW Plaintiff Team Post Op, Inc. ("TPO") and files this its First Amended Complaint for Damages and Injunctive Relief against Defendants Thomas P. Branch, MD, ERMI, LLC and TRYCO, INC., in support hereof, shows the Court the following:

**NATURE OF THE ACTION**

1.  This is an action seeking damages, attorneys' fees, and injunctive relief for violations of the Florida Deceptive and Unfair Trade Practices Act, Florida Statutes Annotated (F.S.A.) § 501.201, *et seq.* based on Defendants' failure to comply with Florida's "home medical equipment provider" licensing requirements. Defendants have been paid millions of dollars for products and services provided to businesses and individuals in Florida as a result of their illegal activities in Florida. As a competitor, Plaintiff has been damaged by Defendants' illegal activities and brings this action under F.S.A. §501.201, *et seq.*

1

**PARTIES, JURISDICTION, AND VENUE**

2.      Plaintiff TPO is a Florida Corporation with its principal place of business located at 14133 NW 8th Street, Sunrise, Florida 33325.

3.      Defendant Branch is an individual resident of the State of Georgia and is the founder and sole member of Defendant ERMI, LLC. Defendant Branch may be served with Summons and a copy of this Complaint by delivering the same to him personally at 441 Armour Place NE, Atlanta, Georgia, 30324.

4.      Defendant ERMI, LLC is a Delaware limited liability company authorized to conduct business in the State of Georgia. Defendant ERMI's principal place of business located at 441 Armour Place NE, Atlanta, Georgia, 30324 and ERMI may be served with Summons and a copy of this Complaint by delivering the same to its registered agent in Georgia, Corporation Service Company, at 40 Technology Parkway South, #300, Norcross, Georgia 30092.

5.      Defendant Tryco, Inc. is a Virginia corporation not authorized to do business in Georgia. Tryco is subject to the jurisdiction of this Court under pursuant to the "Conspiracy Jurisdiction" doctrine by entering into a conspiracy with Defendant ERMI, a resident of Fulton County, Georgia, to harm the interests of Plaintiff. Pursuant to O.C.G.A. § 9-10-94, V.S.A. § 8.01-293, and V.S.A. §8.01-296, Tryco may be served with Summons and a copy of this First Amended Complaint by delivering the same to its registered agent, Nicole Zenz at 6736 Old Mclean Village Dr., McLean VA 22101-0000.

6.      The amount in controversy in the instant dispute exceeds $1,000,000.00.

7.      As a large and complex business tort case, the instant dispute warrants the attention of this Court.

8. Venue is proper in this Court.

**FACTUAL AVERMENTS**

9. ERMI manufactures and sells medical devices throughout the United States, including in the state of Florida. The name ERMI is an acronym that stands for "End Range Motion Improvement."

10. Many of ERMI's devices are shown and cataloged on its website, www.getmotion.com.

11. ERMI distributes its devices directly through its nationwide network of sales representatives. However, for purposes of making sales or leases to or through the Veterans Administration, ERMI contracts with Tryco as its distributor.

12. ERMI's devices constitutes "Home medical equipment" under F.S.A. §400.925(6).

13. Pursuant to F.S.A. § 400.925(7), a "Home medical equipment provider" is "any person or entity that sells or rents or offers to sell or rent to or for a consumer: (a) any home medical equipment or services; or (b) Home medical equipment that requires any home medical equipment services."

14. ERMI is a "home medical equipment provider" as defined by F.S.A. § 400.925(7).

15. TPO is also a "home medical equipment provider" as defined by F.S.A. § 400.925(7).

16. ERMI and TPO are competitors in trade and commerce and compete for physician orders for their competing home medical equipment products and services.

3

17. Pursuant to F.S.A. § 400.93, both ERMI and TPO are required to be licensed by the Florida Agency for Health Care Administration (AHCA) in order to provide home medical goods and services to consumers in the state of Florida.

18. At all relevant times, TPO has been properly licensed by the AHCA to provide home medical equipment goods and services to consumers in the state of Florida.

**COUNT I**
**VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**
**F.S.A. §§ 501.201, *ET SEQ*.**

19. TPO re-alleges and incorporates the preceding Paragraphs as if fully restated and set forth herein.

20. Pursuant to F.S.A. § 408.812, ERMI is prohibited from offering and/or advertising services to the public without first obtaining a valid license from the AHCA.

21. ERMI is not nor has it been at any time during the four (4) years preceding the filing of this Complaint licensed by the AHCA as required by F.S.A. § 408.812.

22. Pursuant to F.S.A. § 400.93(6)(a), ERMI's failure to obtain a valid license from the AHCA prior to offering and/or advertising services to the public as mandated by F.S.A. § 408.812 constitutes a deceptive and unfair trade practice in violation of the Florida Deceptive and Unfair Trade Practices Act, F.S.A. §§ 501.201, *et seq.*

23. As a direct and proximate result of ERMI's unfair and deceptive trade practices in violation of F.S.A. §§ 501.201, *et seq.*, Florida consumers who received and/or used home medical equipment provided by ERMI have suffered injury and/or detriment and will continue to suffer injury and/or detriment.

24. As the sole member of ERMI, Dr. Branch is and has been a direct participant in the decision not to obtain proper licensing under AHCA.

25. As a direct and proximate result of ERMI's illegal activity in violation of F.S.A. §§ 501.201, *et seq.*, ERMI has received millions of dollars from medical equipment and services to consumers within the state of Florida in violation of F.S.A. §§ 400.93 *et seq.*

26. As a direct and proximate result of ERMI's illegal activity in violation of F.S.A. §§ 501.201, *et seq.*, ERMI has caused and will continue to cause actual economic damages to TPO by diverting customers for home medical equipment away from TPO and to ERMI.

27. Within the four years preceding the filing of this case, representatives of ERMI have made false, disparaging, and defamatory comments about TPO to actual and potential customers of TPO for the purpose of dissuading those customers from using home medical equipment offered by TPO.

28. Within the four years preceding the filing of this case, TPO was doing business with, and had a good reputation, with the local Veterans Administration offices in Florida.

29. At various times between late 2015 and early 2016, John L. Raineri, District Sales Manager for ERMI in Florida, made false, disparaging, and defamatory statements to actual and potential customers of TPO, including but not limited to representatives of the VA. These statements include but are not limited to statements such as "don't you know that there is a lawsuit against T-REX because the patient was injured using T-REX."

30. The statements made by Mr. Raineri were made within the line and scope of his employment with ERMI.

31. On March 18, 2016, Brian Kopelowitz wrote a cease and desist letter to Mr. Raineri on behalf of T-Rex Rehab, LLC, an affiliated company with TPO, which at the time, was the manufacturer of the T-Rex devices provided by TPO.  A true and accurate copy of Mr. Kopelowitz's letter is attached hereto as **Exhibit A** and incorporated herein.

5

32. Since Mr. Raineri made those statements to the VA, TPO has lost all of its business with the VA in Florida and has not been able to provide home medical equipment to any VA patient.

33. TPO has never been sued because a patient was allegedly injured using a TPO device.

34. ERMI's false, disparaging, and defamatory statements have proximately caused actual economic damages to TPO by diverting customers, including but not limited to VA patients, for home medical equipment to ERMI.

35. TPO is entitled to an award of actual damages in the form of actual lost profits sustained by TPO through the date of trial.

36. Pursuant to F.S.A. § 501.211, TPO is entitled to an injunction to prevent ERMI from offering home medical equipment for sale or lease in Florida until such time as it is in full compliance with ACHA.

37. Pursuant to F.S.A. § 501.211, TPO is entitled to an award of attorneys' fees and court costs for bringing this action.

<u>COUNT II</u>
CONSPIRACY TO VIOLATE THE FLORIDA DECEPTIVE AND UNFAIR
TRADE PRACTICES ACT, F.S.A. §§ 501.201, *ET SEQ.*

38. TPO re-alleges and incorporates the preceding Paragraphs as if fully restated and set forth herein.

39. Tryco is not licensed by AHCA to offer and/or advertise ERMI's goods and services to consumers in the State of Florida, including but limited to the VA or its patients.

40. As ERMI's sole and exclusive distributor for sales and leases of ERMI's goods and services to or through the VA, Tryco has conspired with ERMI to sell or lease goods and

6

services to or for the benefit of VA patients and consumers in the state Florida in violation of F.S.A. §§ 501.201, *et seq.*

41. As a direct and proximate result of conspiracy between Tryco and ERMI to violate F.S.A. §§ 501.201, *et seq.*, ERMI has received millions of dollars from medical equipment and services to or for the benefit of VA patients within the state of Florida in violation of F.S.A. §§ 400.93 *et seq.*

42. As a direct and proximate result of ERMI's illegal activity in violation of F.S.A. §§ 501.201, *et seq.*, ERMI and Tryco have caused and will continue to cause actual economic damages to TPO by diverting VA patients for home medical equipment away from TPO and to ERMI.

43. TPO is entitled to an award of actual damages in the form of actual lost profits sustained by TPO through the date of trial.

44. Pursuant to F.S.A. § 501.211, TPO is entitled to an injunction to prevent Tryco from offering ERMI's home medical equipment for sale or lease to or for the benefit of VA patients in Florida until such time as ERMI is in full compliance with ACHA.

45. Pursuant to F.S.A. § 501.211, TPO is entitled to an award of attorneys' fees and court costs for bringing this action.

## JURY DEMAND

TPO hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff Team Post Op, Inc. prays upon this Court for an order granting the following relief:

A.  That process be issued and Defendants be served with Summons and a copy of this Complaint;

B.  All actual damages in the form of lost profits sustained by TPO through the date of trial;

C.  ERMI be enjoined from offering home medical equipment for sale or lease in Florida unless and until such time as it is in full compliance with ACHA.

D.  Tryco be enjoined from offering ERMI's home medical equipment for sale or lease to or for the benefit of VA patients in Florida unless and until such time as ERMI is in full compliance with ACHA.

F.  All reasonable and necessary award of attorneys' fees and court costs incurred as a result of having to bring this action; and

G.  Any such other and further relief deemed just and proper by the Court.

This 27th day of August, 2019.

COCHRAN & EDWARDS, LLC

/s/ *Paul A. Piland*
R. Randy Edwards
Georgia Bar No. 241525
Paul A. Piland
Georgia Bar No. 558748

*Attorneys for Plaintiff*
*Team Post Op, Inc.*

2950 Atlanta Road SE
Smyrna, Georgia 30080-3655
(770) 435-2131 (*telephone*)
(770) 436-6877 (*facsimile*)
randy@cochranedwardslaw.com
paul@cochranedwardslaw.com



One West Las Olas Boulevard, Suite 500
Fort Lauderdale, Florida 33301

Telephone: 954.525.4100
Facsimile: 954.525.4300

March 18, 2016

Mr. John L. Raineri
17638 SW 28th Court
Miramar, Florida 33029

    **Re:**    ***T-Rex Rehab, LLC***

Dear Mr. Raineri:

    T-REX Rehab LLC has retained our firm to represent it and its principals as it pertains to any and all actions that can be pursued against you personally. As you should be aware, making false statements about another company and/or its principals with the intent to defame subjects you to civil liability for a defamation action.

    Moreover, such defamatory statements are considered to be "unfair methods of competition". According to my client, you have been making defamatory statements which include but are not limited to statements such as "don't you know that there is a lawsuit against T-REX because the patient was injured using T-REX." These statements are untrue and are being made for the purpose of defaming and otherwise attempting to give T-REX a bad name.

    This will be notice to you that you must retract these statements to all individuals you spoke with regarding this matter. We will give you 7 days from the date of this letter to comply. Our client will follow up with those individuals to verify you have complied. Failure to comply may result in a lawsuit being filed against you personally for making such untrue statements.

    Additionally, you must cease and desist from this conduct in the future. Please govern yourself accordingly.

                        Sincerely,

                        BRIAN R. KOPELOWITZ
                        For the Firm

cc: TRex Rehab, LLC

13528-001/00735850_1

MIAMI   -   FORT LAUDERDALE   -   BOCA RATON

**Exhibit A**