IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA ex rel.
ELIZABETH A. COOLEY,

    Plaintiff,

       v.

ERMI, LLC f/k/a ERMI, INC., et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:20-CV-4181-TWT

## OPINION AND ORDER

This is a False Claims Act case. It is before the Court on the Defendants'[1]

Motion for Partial Judgment on the Pleadings [Doc. 96], which seeks judgment

on the pleadings as to Counts V and VI of the Third Amended Complaint. As

set forth below, the Defendants' Motion for Judgment on the Pleadings [Doc.

96] is GRANTED.

### I.    Background[2]

This case arises from an alleged fraud against federal healthcare

programs regarding the provision of durable medical equipment ("DME"). The

facts and the procedural history have largely been described in the Court's

---

[1] The Defendants in this case are ERMI, LLC f/k/a ERMI, Inc. and End Range of Motion Improvement, Inc. The Court will refer to them collectively as "ERMI."

[2] In ruling on a motion for judgment on the pleadings, the Court must accept the facts of the nonmoving party's pleading as true and construe them in the light most favorable to the nonmoving party. *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005).

previous orders. *See, e.g.*, *United States ex rel. Cooley v. ERMI, LLC*, 2023 WL 3587543 (N.D. Ga. May 22, 2023); *United States ex rel. Cooley v. ERMI, LLC*, 2022 WL 4715679 (N.D. Ga. Sept. 30, 2022); *United States ex rel. Cooley v. ERMI LLC*, 2022 WL 1185155 (N.D. Ga. Apr. 21, 2022). After ERMI's most recent motion to dismiss, Relator Elizabeth Cooley's claims have been narrowed to three against ERMI. Two of the remaining claims, Counts V and VI, allege that ERMI made or used false records and statements material to false claims by misrepresenting that it had a valid state license in Florida when in fact it was either unlicensed or operating with a fraudulently obtained license. (3d Am. Compl. ¶¶ 442-85).[3] The final remaining claim, Count VII, alleges that ERMI unlawfully retaliated against her after she threatened to bring a whistleblower case against ERMI. (*Id.* ¶¶ 486-92). ERMI now moves for partial judgment on the pleadings arguing that Cooley has failed to state the Florida licensure claims.

## II.    Legal Standard

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." A court should grant a motion for judgment on the pleadings where "there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Scott*, 405 F.3d at 1253. "A motion for

---

[3] The Court will refer to these claims as the "Florida licensure claims."

judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6)." *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018). A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

## III. Discussion

The False Claims Act imposes liability on "any person who…knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(B). The Eleventh Circuit has held that actions under the False Claims Act sound in fraud and thus must comply with the heightened pleading requirements of Rule 9(b). *United States ex rel. Clausen v. Lab'y Corp. of Am., Inc.*, 290 F.3d 1301, 1309-10 (11th Cir. 2002). ERMI argues in the present Motion that Cooley has not alleged false certification to the Department of Labor, Office of Workers' Compensation Programs ("OWCP") or the Department of Veterans Affairs ("VA") with the specificity required by Rule 9(b).

There are two types of false certifications: express and implied. *See United States ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 305 (3d

Cir. 2011) (citation omitted), *overruled on other grounds as recognized by United States ex rel. Freedom Unlimited, Inc. v. City of Pittsburgh*, 728 F. App'x 101 (3d Cir. 2018); *United States ex rel. Gallo v. Thor Guard, Inc.*, 2020 WL 1248975, at *6 (M.D. Fla. Mar. 16, 2020). "Under an express false certification theory, an entity is liable when it falsely certifies that it has complied with government regulations that are pre-requisites to payment. Under an implied false certification theory, an entity is liable when the claimant makes seeks [sic] payment from the government without disclosing that it violated regulations that affected its eligibility for payment." *Gallo*, 2020 WL 1248975, at *6 (quotation marks and citations omitted). ERMI contends that Cooley has not adequately alleged either theory. The Court agrees.

### A. Express False Certification Theory

ERMI argues that Cooley has not stated an express false certification theory because "Cooley fails to allege that ERMI certifies compliance with applicable laws and regulations when it submits a reimbursement request to either OWCP or the VA." (Defs.' Br. in Supp. of Mot. for Partial J. on the Pleadings, at 12). Cooley's response to this argument is twofold. First, she points to allegations in her Third Amended Complaint that state that ERMI falsely certified "all claims" or that "every single claim . . . contained knowingly false certifications." (Pl.'s Br. in Opp'n of Mot. for Partial J. on the Pleadings, at 5). Second, she argues that she adequately alleged false certifications on the CMS 1500 forms. (*Id.*, at 6-8). The Court holds that neither of these allegations

state a claim under an express false certification theory.

> The Court starts by noting that:
>
> Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Clausen*, 290 F.3d at 1310 (citation omitted). "The *precise* statement, document, or misrepresentation, as well as its contents, must be alleged; a laconic allegation of the *existence* of a misrepresentation will not do." *United States ex rel. Creighton v. Beauty Basics Inc.*, 2016 WL 3519365, at *3 (N.D. Ala. June 28, 2016) (citation omitted). Accordingly, the bare allegations that "all claims" or that "every single claim" that ERMI presented to the United States falsely certified compliance with Florida's laws does not meet this standard. *See, e.g., id.* (denying leave to amend for failure to comply with Rule 9(b) because "[a]t no point does Creighton allege in what manner Defendant certified compliance with the NACCAS requirements and/or the Title IV requirements. Instead, the complaint merely says 'they expressly certified that the Defendant was eligible to receive Title IV HEA funds.'"); *United States ex rel. Se. Carpenters Reg'l Council*, 2016 WL 4158392, at *7 (N.D.Ga. Aug. 5, 2016) (finding that the relators' allegations "f[e]ll short of Rule 9(b)'s stringent pleading requirements" because "the Complaint … d[id] not elaborate on the

content of the payroll certifications, the dates they were submitted or due, or who prepared and submitted them." (citations omitted)).

However, as noted above, Cooley also argues that her allegations regarding the CMS 1500 forms apply to the VA and OWCP. More specifically, she contends that the excerpt of the Form 1500 included in the Third Amended Complaint states that certifications at issue apply to "MEDICARE, TRICARE, FECA AND BLACK LUNG." (Pl.'s Br. in Opp'n to Mot. for Partial J. on the Pleadings, at 6). She then identifies statements found on the VA's website describing its medical claim submission requirements. (*Id.*, at 6-7). Finally, she cites allegations that state that FECA requires all DME providers who enroll with OWCP to certify that they comply with all applicable licensure and regulatory requirements. (*Id.*, at 7). The Court does not find any of these to be sufficient for an express false certification theory.

Starting with the VA, Cooley attempts to connect the CMS 1500 forms to the VA by citing to the VA's website. ERMI argues that the Court cannot consider documents that are not included in the Third Amended Complaint. The Court is inclined to agree, *see Kemp v. Pogorzelski*, 2024 WL 2239760, at *3 n. 2 (N.D. Ga. Apr. 11, 2024), but ultimately it does not matter because even if the Court considers the statement on the VA's website, it does not plausibly show that ERMI made any express false certifications to the VA. The website states that a claimant must "[c]omplete and [sic] accurate standard Center for Medicare & Medicaid Services (CMS) or electronic transaction containing false

6

claims notice (such as CMS 1450, CMS 1500 *or* 837 EDI transaction)." *File a Claim for Veteran Care—Information for Providers*, U.S. DEP'T OF VETERAN AFFAIRS (Oct. 31, 2024) (emphasis added), https://www.va.gov/COMMUNITYCARE/revenue-ops/Veteran-Care-Claims.asp. Given that the list of examples is offered in disjunctive form, the CMS 1500 is just one of multiple possible forms that a claimant may submit. As ERMI points out, the CMS 1450 does not contain any language certifying that the claimant is in compliance with state licensure law. *See* CTRS. FOR MEDICARE & MEDICAID SERVS., CMS-1450 (2023), https://www.cms.gov/regulations-and-guidance/legislation/paperworkreductio nactof1995/pra-listing-items/cms-1450. Being that Cooley points to no allegation that ERMI submitted the CMS 1500 (or any other form that contained a certification of compliance with state licensure law), the Court cannot reasonably infer that ERMI made any express false certifications based on the statement on the VA's website.

Turning to the OCWP, Cooley alleges that "FECA requires all DME providers who enroll with OWCP certify that they satisfy all applicable federal and state licensure and regulatory requirements and that they will maintain documentary evidence of such." (3d Am. Compl. ¶ 78). "This is perhaps a legal conclusion and, if so, is due to be ignored. If not, it is too generalized an allegation to survive a motion to dismiss predicated on Rule 9(b). Was there a box to check? Did they sign an affidavit? Was the 'certification' part of a form?"

7

*Creighton*, 2016 WL 3519365, at *3. Much like the allegation that "all claims" that ERMI submitted contained false certifications, Paragraph 78 of the Third Amended Complaint simply does not provide enough specifics to meet Rule 9(b)'s standard.[4]

This leaves Cooley with one pair of allegations. The first of the pair states, "ERMI, like all other DME suppliers, makes certain certifications in every CMS 1500 Form its [sic] presents to the United States for payment or approval," and attaches a screenshot of certification language. (3d Am. Compl. ¶ 232). The second asserts:

> Accordingly, every time ERMI submits a CMS 1500 Form to the United States for payment or approval, it certifies that (a) the information on the form is true, accurate, and complete; (b) the government has been provided sufficient information required to allow it to make an informed eligibility and payment decision; (c) the claim complies will all applicable Medicare and/or Medicaid laws, regulations, and program instruction for payment including but not limited the AKS; and (d) the services were medically indicated and necessary to the health of the patient.

(*Id.* ¶ 233). Cooley makes two arguments to show that these paragraphs adequately allege that ERMI submitted a CMS 1500 Form to OCWP with a

---

[4] This Paragraph of the Third Amended Complaint cites to 20 C.F.R. 10.800(a) for support. That, in turn, discusses Form OWCP-1168 and states that "[b]y completing and submitting [Form OWCP-1168], providers certify that they satisfy all applicable Federal and State licensure and regulatory requirements that apply to their specific provider or supplier type." 20 C.F.R. 10.800(a). Yet, nowhere in the Third Amended Complaint is Form OWCP-1168 even mentioned (nor does Cooley make any arguments about it in her Response Brief). Accordingly, the Court cannot find that Cooley has plausibly alleged that ERMI made any false certifications via submission of the OWCP-1168, especially under the Rule 9(b) standard.

false express certification.

First, she points to the heading above the certification paragraph in the screenshot, which states, "SIGNATURE OF PHYSICIAN OR SUPPLIER (MEDICARE, TRICARE, FECA AND BLACK LUNG)." (*Id.* ¶ 232). She argues that that title shows that the certification reproduced below the title applies to OCWP. (Pl.'s Br. in Opp'n to Mot. for Partial J. on the Pleadings, at 6). However, this does not state that ERMI ever submitted a CMS 1500 form to OCWP. At most, it states that this form may be used for some purposes under FECA. It does not state that this form must be submitted with any claims to OCWP, nor does it state that ERMI itself ever submitted such form to OCWP (whether it was necessary to or not).

Second, she asserts that when Paragraph 233 discusses ERMI submitting CMS 1500 Forms to the United States, "[t]he 'United States' obviously includes the VA and OWCP." (Pl.'s Br. in Opp'n to Mot. for Partial J. on the Pleadings, at 7). Again, this does not state that ERMI in fact submitted any CMS 1500 Forms to OCWP or the VA. All it states is that *if* ERMI submitted that form, it would certify those things. There are no allegations that ERMI ever did submit a CMS 1500 Form to OCWP or the VA. Since Cooley never alleges that ERMI submitted a CMS 1500 Form (or any other form that certifies compliance with state licensure laws) to OCWP or the VA, she fails to state an express false certification theory.

9

### B. Implied False Certification Theory

Turning to the implied false certification theory, the Court finds that this is likewise insufficient. The Supreme Court recognized that plaintiffs may assert an implied false certification theory in *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176 (2016). There, the Supreme Court held "that the implied certification theory can be a basis for liability, at least where two conditions are satisfied: first, the claim does not merely request payment, but also makes specific representations about the goods or services provided; and second, the defendant's failure to disclose noncompliance with material statutory, regulatory, or contractual requirements makes those representations misleading half-truths." *Id.* at 190.

ERMI asserts that Cooley has failed to meet this test because Cooley has not alleged any "specific representations" that ERMI made about its products. (Defs.' Br. in Supp. of Mot. for Partial J. on the Pleadings, at 16-20). Cooley responds by arguing that the Supreme Court in *Escobar* laid out requirements that were sufficient but not necessary to state a claim. (Pl.'s Br. in Opp'n to Mot. for Partial J. on the Pleadings, at 11-13). She cites to *United States ex rel. Simpson v. Bayer Corp*, 376 F. Supp. 3d 392, 406-07 (D.N.J. 2019) and *United States v. DynCorp Int'l, LLC*, 253 F. Supp. 3d 89, 100 (D.D.C. 2017) to support her argument. However, those opinions are from other circuits, and the Eleventh Circuit has found that an implied false certification theory "can support a jury verdict only where the relevant claim not only requests payment

but also makes specific representations about the goods or services provided."
*Ruckh v. Salus Rehab., LLC*, 963 F.3d 1089, 1109 (11th Cir. 2020) (quotation marks and citation omitted).[5] That ruling is binding on this Court.

Cooley fails to allege that ERMI ever made any specific representations to the VA or OWCP about its products. The only allegation that Cooley points to is Paragraph 336 of the Third Amended Complaint: "Facing potential disruption in one of ERMI's five largest markets, ERMI Leadership, including Branch, began directing ERMI employees to state falsely that all ERMI DME was shipped directly to the homes of patients in Florida from ERMI's Atlanta, Georgia facilities." (3d Am. Compl. ¶ 336) (emphasis omitted). However, this allegation does not state that ERMI employees in fact made this false statement or to whom they did so. At another point, Cooley alleges that ERMI "represented falsely *to the Florida AHCA* that all ERMI DME is shipped directly from its Atlanta, Georgia facility to the homes of consumers in Florida." (*Id.* ¶ 338) (emphasis added and omitted). There is no similar allegation for any misrepresentations made to the VA or OWCP. The Court

---

[5] *Ruckh* was heard on appeal from a jury verdict and not at the pleading stage. However, the statement of law still shows what is necessary to recover on a claim. If the Third Amended Complaint does not plausibly allege the requirements for an implied false certification theory, then it fails to state a claim based on that theory. Moreover, the Court notes that prior to *Ruckh*, district courts within the Eleventh Circuit have dismissed claims based on implied false certification theories for failure to allege that the defendant(s) made specific representations. *See, e.g.*, *United States ex rel. Medrano v. Diabetic Care RX, LLC*, 2019 WL 1054125, at *5 (S.D. Fla. Mar. 6, 2019); *Creighton*, 2016 WL 3519365, at *3.

therefore finds that Cooley has failed to state an implied false certification theory against ERMI. Since the Third Amended Complaint fails to state either an express or implied theory of false certification, partial judgment on the pleadings is warranted.[6]

### IV.    Conclusion

For the foregoing reasons, the Defendants' Motion for Partial Judgment on the Pleadings [Doc. 96], which seeks judgment on the pleadings as to Counts V and VI of the Third Amended Complaint, is GRANTED. Count VII remains pending.

SO ORDERED, this _____26th_____ day of November, 2024.

THOMAS W. THRASH, JR.
United States District Judge

---

[6] Since the Court has found that Cooley has not stated either an express or implied false certification theory, it need not and does not address ERMI's other arguments.